IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION



U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

JUN - 5 2020

CLERK, U.S. DISTRICT COURT
By _____
                    Deputy

| | | |
|---|---|---|
| ROBERT L. ALLEN,<br>TDCJ No. 0636644, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 2:20-CV-15-Z |
| | § | |
| K. RICHERSON, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION DISMISSING COMPLAINT**

*Pro se* Plaintiff Robert L. Allen (a.k.a. Robert Lamar(r) Allen, II) ("Plaintiff") is a prisoner

incarcerated in the Clements Unit of the Texas Department of Criminal Justice ("TDCJ"). On

January 16, 2020, Plaintiff filed a complaint (ECF No. 3) against the Defendants named in this

case (collectively, "Defendants") pursuant to 42 U.S.C. § 1983. On the same date, Plaintiff filed

an application to proceed *in forma pauperis* (ECF No. 4), a "Motion for Appointment of Counsel"

(ECF No. 5), and a "Motion to Compel" (ECF No. 6). While incarcerated, Plaintiff has filed at

least three prior civil actions that were dismissed as frivolous or for failure to state a claim. Plaintiff

has not shown that he was "under imminent danger of serious physical injury" at the time the

complaint in this case was filed. Therefore, Plaintiff's complaint is DISMISSED as barred by the

three-strikes provision of 28 U.S.C. § 1915(g).

In support of his complaint, Plaintiff presents the following allegations, which are

numbered as follows:

1.  Plaintiff alleges that his property was seized without following proper procedures.
    As a result, he lost property that was not contraband.

2.  Plaintiff additionally alleges that the grievance process is inadequate and he was
    prevented from properly exhausting his administrative remedies.

3. Plaintiff also alleges that Defendant K. Richerson—the Warden of the Clements Unit—has supervisory liability for these violations.

Enacted into law on April 26, 1996, the Prison Litigation Reform Act ("PLRA") amended 28 U.S.C. § 1915 as it relates to civil actions filed by prisoners in federal court. Among the changes effected by the PLRA was the inclusion of 28 U.S.C. § 1915(g) ("Section 1915(g)"), also known as the "three-strikes" provision. "The PLRA's three-strikes provision bars prisoners from proceeding [*in forma pauperis*] in a civil action or in an appeal of a judgment in a civil action if, while incarcerated, the prisoner has had three prior actions or appeals dismissed for being frivolous or malicious or for failure to state a claim, unless the prisoner is in imminent danger of serious physical injury." *Jackson v. Johnson*, 475 F.3d 261, 265 (5th Cir. 2007). When a district court dismisses a case as frivolous or for failure to state a claim, such a dismissal counts as a "strike" under Section 1915(g) once the judgment becomes final. *See Adepegba v. Hammons*, 103 F.3d 383, 387–88 (5th Cir. 1996). A district court's dismissal is final when the prisoner "has exhausted or waived his appeals." *Id.*

The language of Section 1915(g) is very clear that prisoners who have abused the *in forma pauperis* provisions of the PLRA to file frivolous or unwarranted lawsuits are subject to the PLRA's three-strikes provision. A prisoner is barred from proceeding *in forma pauperis* if he is subject to the three-strikes provision "unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *see also Banos v. O'Guin*, 144 F.3d 883, 884 (5th Cir. 1998). The prisoner's complaint must present a claim that Plaintiff is in danger of imminent serious physical injury to overcome the bar. *See Carson v. Johnson*, 112 F.3d 818, 822–23 (5th Cir. 1997). In applying the three-strikes provision, a court may consider case dispositions that occurred prior to the effective date of the PLRA. *See Adepegba*, 103 F.3d at 387–88.

A review of the Public Access to Court Electronic Records ("PACER") and the Sanction Database reflects that Plaintiff has had at least three prior actions dismissed with prejudice as frivolous or for failure to state a claim. Thus, Plaintiff is barred from proceeding *in forma pauperis* as he requests. Specifically, the United States Court of Appeals for the Fifth Circuit has affirmed multiple times that Plaintiff is barred from proceeding *in forma pauperis*. *See Allen v. Price*, No. 96-40697, 102 F.3d 551, 1996 WL 670320 (5th Cir. Nov. 7, 1996); *see also Allen v. Brown, et al.*, No. 98-40139, 166 F.3d 339, 1998 WL 912068 (5th Cir. Dec. 9, 1998).

Plaintiff also fails to meet the very limited exception that he was under imminent danger of serious physical injury when he filed his complaint. Plaintiff's access-to-the-court (or inadequate grievance) claim, property deprivation claim, and supervisory liability claim all entirely fail to meet this standard.

For the above reasons, Plaintiff's complaint (ECF No. 3) is DISMISSED as barred by the three-strikes provision of 28 U.S.C. § 1915(g). This dismissal is without prejudice to Plaintiff's right to reopen the case if he pays the $400.00 filing and administrative fees and files a motion to reopen within thirty days of the date of final judgment. All other pending motions (ECF Nos. 4, 5, and 6) are DENIED.

   **SO ORDERED**.

   June **5**, 2020.

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE